# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LATROY TAYLOR,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:22-CR-185-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)((A) [ECF No. 81]. Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.  Defendant requests that the court release him from custody because of his medical conditions, which he claims are not being appropriately treated during his period of incarceration. The United States filed an opposition to Defendant's motion, and the United States Probation Office filed a report recommending that Defendant's motion be denied. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion directly with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v.*

*Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019).  The parties do not dispute that Defendant has exhausted his administrative remedies.

In this case, Defendant acknowledges that his treatment while incarcerated has improved his atrial fibrillation heart condition. However, he questions his treatment for high blood pressure, hypercalcemia, and hyperparathyroidism. Defendants' ailments are chronic conditions that predate his incarceration. Defendant has been seen consistently by BOP physicians and was evaluated by an outside cardiologist. While he may disagree with some of his treatment, he has not gone without treatment and he does not suffer from the kind of ailments that the BOP physicians are incapable of treating. Defendant has not shown that BOP cannot adequately provide the medical care he needs or that he needs to be released to obtain care. The court does not consider his circumstances to meet the required standard of extraordinary and compelling. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021). Accordingly, the court denies Defendant's motion for compassionate release.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 63] is DENIED and DISMISSED.

Dated this 21st day of April 2026.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

2